CHARLES F. BERNER, SENIOR, administrator, *vs.* CITY OF MALDEN. April 2, 1965. Exceptions overruled. This is an action of tort to recover damages for injuries suffered by the plaintiff's intestate resulting from a fall in a parking lot owned and operated by the defendant. There were two counts in the declaration, the first for negligence and the second for nuisance. The case is here on the plaintiff's exceptions to the direction of a verdict for the defendant on each count, to the denial of the plaintiff's motion for a new trial, and to the judge's refusal to grant the plaintiff's requests for rulings at the hearing of the motion for a new trial. On November 18, 1963, at about 11:00 P.M. the plaintiff's intestate walked through the driveway of a private club and through a "gateway" (installed by the defendant) into the parking lot. She fell over a concrete "bumper" in front of the gateway. There was no error. The evidence most favorable to the plaintiff does not show that the defendant was negligent, and likewise does not show that the defendant allowed a nuisance to exist. The trial judge did not abuse his discretion in denying the motion for a new trial. It is unnecessary for us to discuss the judge's refusal to allow the plaintiff's requests for rulings which involved the same issues commented upon above.

*Warren K. Kaplan* (*Bernard Kaplan* with him) for the plaintiff.

*Cornelius R. Rosdahl,* City Solicitor, for the defendant.

FRANCIS A. VIOLA'S CASE. April 2, 1965. Decree affirmed. The employee appeals from a decree of the Superior Court based on the findings and decision of the reviewing board. The single member's award of compensation under G. L. c. 152, § 36, was reduced by the reviewing board following reports to the board by two impartial examining physicians. There was no error of law. The reports constituted evidence upon which the findings of the board could have been made. *Hachadourian's Case,* 340 Mass. 81, 85.

*Samuel E. Bloomberg* for the employee.

*Ronald E. Oliveira* for the insurer.

CLAIRE J. SNEIRSON *vs.* SUMNER SNEIRSON. April 2, 1965. Decree affirmed. The probate judge dismissed this petition brought for the maintenance of two minor children of the petitioner and her former husband who were, in a separate action, divorced by decree nisi on June 20, 1957. A review of the evidence which has been reported has afforded the opportunity of assessing maintenance arrangements made for the minors through a trust fund established by the respondent under date of the day of the decree nisi. Questions of law and fact in this case are before us with due weight being accorded to the finding of the trial judge which is not to be reversed unless plainly wrong. *Butters* v. *Butters,* 345 Mass. 772, 773. There was no error.

*Marvin H. Siegel* for the petitioner.

*Louis Kobrin* for the respondent.